# Vanderveer v. Ware.

*Bill in Equity by Surety, as Assignee of Judgment, to coerce Satisfaction out of Lands Devised.*

1. *Payment and assignment of judgment.*—By statutory provision (Code, § 3418), a surety who has paid a judgment recovered against his principal and himself, and taken an assignment of it to himself, "may assert, in

[Vanderveer v. Ware.]

law or equity, any lien or right against the principal debtor, which the plaintiff could assert if the debt had not been paid"; but the statute is in derogation of the principles of the common law, and must be strictly construed as to the rights created by it; such payment, before its enactment, operating an extinguishment of the judgment, and giving the surety no standing in a court of equity as a judgment creditor.

2. *Contracts of executors.*—The contracts of executors and administrators, even when relating to matters necessary to the execution of their trusts, like the contracts of other trustees, are only binding on them personally, and do not create any liability against the estate; and actions against them, on such contracts, must be personal, and judgments *de bonis propriis.*

3. *Judgment against executor; payment by surety, and assignment to him; remedy against lands devised; statute of limitations.*—When a judgment has been rendered against an executor, on a debt due by the testator, and is affirmed on appeal, against him and his surety on the *supersedeas* bond; if the surety pays the affirmed judgment, and takes an assignment of it to himsef, he may, by bill in equity, alleging the insolvency of the executor, reach and subject any personal assets remaining unadministered in the hands of the executor, and also his individual interest in the estate, both lands and personal property; but, as against the other devisees, they not being parties to the judgment, nor to the *supersedeas* bond, the lapse of six years after the payment of the judgment by the surety, before filing a bill in equity to reach the lands devised, is a bar to any relief.

APPEAL from the Chancery Court at Montgomery.

Heard before the Hon. H. AUSTILL.

The bill in this case was filed on the 2d March, 1880, by W. P. Vanderveer, against Robert Y. Ware individually, and as the executor of the last will and testament of Robert J. Ware, and against the widow and children of said testator; and sought to coerce satisfaction of a judgment, which the complainant had paid as the surety of said Robert Y. Ware, out of the lands devised by the testator's will to the several defendants, or out of the rents and profits thereof in the hands of a receiver, who had been appointed in another suit pending in said court when this bill was filed. Robert J. Ware, the testator, died in November, 1867, having executed his last will and testament, which was duly admitted to probate after his death; and letters testamentary thereon were granted to said Robert Y. Ware, who was by the will relieved from giving bond. At the time of his death, the testator was indebted to the trustees of Howard College in Perry county, a domestic corporation, by two promissory notes payable in installments, on which nearly $4,000 was due and unpaid. The trustees brought suit on these notes against the executor, in the Circuit Court of Montgomery, and recovered a judgment against him, on the 29th January, 1870, for $3,500, besides costs. The executor sued out an appeal on this judgment, and brought the case to this court, giving a *supersedeas* bond, with said W. P. Vanderveer and others as sureties; and the judgment was affirmed by this court, on the 10th February, 1872, with five per-cent. damages, and costs. An execution was issued on this

affirmed judgment, against all the parties to the *supersedeas* bond; and thereupon, on the 13th February, 1873, as the bill alleged, "complainant paid to said corporation a large sum, to-wit, $3,723.67, in discharge of his liability on said bond; and, in consideration of said payment, said corporation transferred and assigned said judgment against said Robert Y. Ware, as executor as aforesaid, to said complainant; and said judgment remains in full force and effect against said executor, and no part thereof has been paid by him, or otherwise satisfied out of the estate of said Robert J. Ware." The bill alleged, also, that Robert Y. Ware was insolvent; that the testator's estate was solvent, but all the personal assets had been wasted, destroyed, or otherwise disposed of; that there was no property out of which the amount due to complainant could be made by legal process, "and it is therefore necessary to sell the real estate of said testator, described in said will, or the rents, issues, and profits thereof, to obtain satisfaction thereof." The bill prayed, therefore, an account of the assets of the estate in the hands of the receiver, who had been appointed in another suit, and his appointment, if necessary, as receiver in this suit; that the amount due to the complainant, on an account to be stated by the register, be paid out of the moneys in the hands of the receiver; that the real estate be sold, if necessary, or such portion thereof as might be necessary to satisfy the complainant's debt; and for other and further relief, under the general prayer.

The defendants demurred to the bill, jointly and severally, assigning several grounds of demurrer, which were, in substance, that the judgment paid by the complainant was only a judgment against the parties to the *supersedeas* bond, and not a judgment against the testator's estate, and that its assignment to the complainant did not give him any right to proceed against the devisees. The chancellor sustained the demurrer, and dismissed the bill; and his decree is now assigned as error.

WATTS & SONS, and TROY & TOMPKINS, for appellant.

SAYRE & GRAVES, *contra*.

SOMERVILLE, J.—Section 3418 of the Code (1876) authorizes a surety to pay a judgment obtained by any creditor against himself and his principal, and to have the judgment assigned to himself. He is thus empowered to "assert, in law or equity, any lien or right against the *prin-*

[Vanderveer v. Ware.]

*cipal debtor*, which the plaintiff could assert, if the debt had not been paid."

The assignment of the judgment rendered on the *supersedeas* bond, which was taken by the appellant, conferred on him any lien or right which the trustees of Howard College could have enforced, as the plaintiffs in such judgment, against the " principal debtor," Robert Y. Ware, who was the executor of the last will and testament of Robert J. Ware, deceased. The statute can not be extended by construction, further than authorized by its express words; for, being in derogation of the principles of the common law, it must be strictly construed, as to the rights created by it.

It is settled by the current of authorities in this State, that executors and administrators, even when contracting for matters necessary to the execution of their trusts, do not bind the estate they represent, but are individually liable on such contracts. Suits against them must be personal, and the judgment is *de bonis propriis*, and not *de bonis testatoris*.—1 Brick. Dig. p. 957, § 614.

It may be, however, that, in a proceeding of this character, a court of equity would undertake to reach any personal assets which might remain unadministered in the hands of a personal representative, and subject them to liability for the claim assigned to the surety; and as the executor is individually liable on the *supersedeas* bond, his own distributive share in the estate of the testator can certainly be reached, whether it be realty or personalty.

But the case stands differently with the other devisees of the testator. Unlike Robert Y. Ware, they are not privy to the contract which created the suretyship. The plaintiff in the judgment had no right or equity against *them*, which was assignable to the surety who was a defendant in the judgment. Section 3418 of the Code only authorizes the assignment to such extent as to keep the judgment in force against the " principal debtor," Robert Y. Ware. The rights of the other devisees must be tested by the common law, without reference to this statute. When a surety paid a judgment against himself and his principal, and took an assignment of it to himself, the judgment, before the enactment of the statute, was at law extinguished (*Preslar v. Stallworth*, 37 Ala. 402); and he became a simple-contract creditor, having no standing as a judgment creditor in a court of equity.

The averments of this bill, which were admitted by the demurrer to be true, show that appellant, Vanderveer, paid the judgment against himself and Robert Y. Ware, on February 13th, 1873. The bill was not filed until March 2d, 1880, or more than *six years* from the date of the payment.

(39)

[Robertson v. Robinson.]

Where a surety pays a debt, and takes no step to enforce his claim against the principal, or to place himself in a condition whereby he may be subrogated to the creditor's rights, but delays until he is barred by the statute of limitations, he is without remedy in a court of equity.—Brandt on Suretyship, § 267. Such is the case here, so far as concerns all the devisees under the will, except Robert Y. Ware. The remedy of the appellant against the *lands* devised to them is barred, and the demurrer as to them was properly sustained.

The bill should, however, have been retained, so far as to preserve the enforcement of complainant's equities against Robert Y. Ware. The chancellor erred in not pursuing this course, and for this reason the decree is reversed, and the cause remanded. The costs incurred by this appeal, and in the lower court, will be taxed against the appellee, Robert Y. Ware.

STONE, J., not sitting.