# Vanderveer *v.* Ware.

*Bill in Equity by Surety to obtain Reimbursement out of Lands devised to Principal.*

1. *Surety of an executor; when equity of is subordinate to rights of alienees of principal in lands devised by testator.*—A surety of an executor, who has paid a judgment rendered against them, both principal and surety, on a debt due by the testator, and has taken an assignment thereof to himself, may, by bill in equity, alleging the insolvency of the executor (such executor being also a devisee under the will of the testator) reach and subject the individual interest of such executor in lands devised by the testator, so long as such executor remains the owner thereof. But when it is shown that such executor has aliened to others the lands devised to him, upon considerations not assailed, and has thus parted with his interest therein, without fraud, the alienees have not only the legal estate in such lands, but also an equity equal, at least, to any equity that can be preferred by the surety.

2. *Opinion on former appeal re-affirmed.*—The opinion rendered by this court in this cause on former appeal (*Vanderveer v. Ware*, 65 Ala. 606), re-affirmed.

APPEAL from Montgomery Chancery Court.

Heard before Hon. JNO. A. FOSTER.

[Vanderveer v. Ware.]

The bill in this cause was filed by William P. Vanderveer against Robert Y. Ware individually and as the executor of the last will and testament of Robert J. Ware, deceased, and against the widow and children of the testator, for the purpose of subjecting lands devised by the testator to the defendants, and the rents and profits thereof, to the satisfaction of a judgment which the complainant had paid as the surety of the said Robert Y. Ware in his representative capacity. On a former appeal taken by the complainant from a decree of the Chancery Court sustaining a demurrer to, and dismissing the original bill, this court reversed that decree and remanded the cause.— *Vanderveer v. Ware*, 65 Ala. 606. Since the cause was remanded, the complainant has amended his bill, alleging, that since the filing of the original bill, Robert Y. Ware has made a final settlement of his accounts as such executor, which showed no assets of said estate in his hands; that the funds in the hands of the receiver, mentioned in the original bill, had been distributed and the receiver had been discharged; that under the will of Robert T. Ware, Robert Y. Ware took in fee certain lands, and also a remainder in other lands, therein described, which, for considerations not assailed in the bill, he had conveyed to third parties; that the alienees, when they acquired and purchased said lands, had full notice and knowledge that the estate of said testator was unsettled, and that his debts had not been paid; that the title obtained by such alienees was subordinate to complainant's right to subject the lands to the satisfaction of said judgment; and that there were no other assets belonging to said estate which could be reached and subjected, at law or in equity, to the payment of said judgment. The alienees of the lands were made parties defendant to the bill as amended, and the prayer was, that the lands might be sold and the proceeds applied to the payment of the judgment. The defendants demurred to the bill, assigning as grounds of demurrer, among others, (1) that the bill showed that they held the lands by purchase from Robert Y. Ware, after the death of the testator, but did not aver or set forth any facts showing or tending to show, that the complainant had any lien or right superior to the right and title of the defendants; and (2) that the case made by the original bill as amended, is that of a creditor without a lien seeking to subject the individual property of his debtor to his demand, without averring any fraudulent transfer or conveyance. The Chancery Court rendered a decree sustaining the demurrer and dismissing the bill, the complainant declining to amend; and this decree is here assigned as error.

WATTS & SONS and D. S. TROY, for appellant.

[Chamberlain & Parker v. Dorrance.]

CLOPTON, HERBERT & CHAMBERS and SAYRE & GRAVES, contra.

(No briefs came to the hands of the reporter.)

PER CURIAM.—This cause was heretofore before this court, on appeal from the decree of the chancellor, sustaining a demurrer to, and dismissing the original bill. The theory of the original bill was, that as the appellant had become the surety of the executor, Robert Y. Ware, on a supersedeas bond, given on appeal from a judgment against him in his representative capacity, which judgment was affirmed, and after its affirmance, and the payment thereof by the appellant, was assigned to him by the plaintiff in the judgment, he stands in the relation of a judgment creditor of the testator. That theory, we held, was insupportable; but we held, in effect, that as a creditor of his principal, Robert Y. Ware, the appellant, could be subrogated to whatever rights of reimbursement the principal would have had from the estate of the testator, if he had paid the judgment; or could reach and subject whatever of interest in the real or personal property, to which the principal was entitled. *Vanderveer v. Ware*, 65 Ala. 606.

The bill has since been amended, but it does not disclose a state of facts upon which the executor, Robert Y. Ware, the principal of the appellant, could, if he had paid the judgment, support a claim to charge the lands devised, which had passed into the possession of the devisees. And it is shown, that he had aliened to others the lands devised to him, or in which he had a contingent interest, upon considerations not assailed. Whatever of individual interest the principal had, was parted with by him without fraud, and the alienees have not only the legal estate, but an equity at least equal to any which the complainant can prefer.

The decree of the chancellor is in substantial conformity to the opinion we expressed heretofore, the correctness of which we do not doubt, and must be affirmed.

STONE, J., not sitting.