# Appling *et al. v.* Stovall.

*Action of Trespass.*

1. *Registration of certificate of judgment; should show name of owner of judgment.*—The failure of the registry in the office of the judge of probate in which is recorded the certificate of a judgment or decree, to show the name of the owner of such judgment or decree, renders the registration thereof fatally defective and wholly inoperative to create a lien upon the property of the defendant in said judgment, as provided by the statute (Code, § § 1920, 1921).

APPEAL from the Circuit Court of Walker.

Tried before the Hon. JAMES J. BANKS.

This was an action of trespass brought by the appellee, J. C. Stovall, against W. B. Appling, W. R. Appling and B. M. O'Rear, and sought to recover damages for the wrongful taking of a horse, alleged to be the property of the plaintiff. The defendants pleaded the general issue and justification under a writ of execution. On the trial the plaintiff introduced evidence tending to show his ownership of the horse levied upon by the defendant O'Rear.

The defendants introduced evidence which showed that the defendant, O'Rear, was the sheriff of Walker county, and upon the execution being delivered to him which was issued on the judgment obtained by Alex Weiler & Co. against one D. H. Camak, he levied said execution upon the horse in question as the property of said D. H. Camak. It was further shown that before the levy of the execution was made, there was given an indemnity bond upon which W. B. and W. R. Appling were sureties. The judgment on which this execution was issued was rendered August 23, 1889. On September 10, 1889, the clerk of the circuit court in which said judgment was rendered, issued a certificate thereof and this certificate was filed and registered in the office of the

judge of probate of Walker county on September 10, 1889. The writ of execution which was levied by the defendant O'Rear in this case, was issued July 13, 1897, and levied on the horse in question on August 2, 1897. The certificate of the judgment in the case of *Weiler & Co. v. Camak,* which was issued by the clerk and which was recorded in the office of the judge of probate of Walker county, was introduced in evidence by the defendants. This certificate, after stating the title of the case, was in words and figures as follows: "I, John B. Lollar, clerk of the circuit court for said county and State, hereby certify that on the 23d day of August, 1889, Alex Weiler & Co., plaintiffs, recovered of D. H. Camak, defendant, in the circuit court of said county, a judgment for the sum of one hundred and one and 84-100 dollars, and for the further sum of eight & 10-100 dollars, costs of suit, and that W. B. Appling is plaintiff's attorney of record, and that said judgment is a waiver as to personalty. Given under my hand this the 9th day of September, 1889. (Signed). John B. Lollar, Clerk Circuit Court."

There was also attached to the certificate introduced in evidence the certificate of the judge of probate that the certificate of said judgment was filed in his office for registration on September 10, 1889, and duly recorded in the book of liens of judgments and decrees. Neither of said certificates showed the name of the owner of said judgment. The other facts of the case necessary to an understanding of the decision on the present appeal are sufficiently stated in the opinion.

There were verdict and judgment for the plaintiff. The defendants appeal, and assign as error the several rulings of the trial court to which exceptions were reserved.

APPLING and McGUIRE, for appellants.

COLEMAN & BANKHEAD, *contra.*

McCLELLAN, C. J.—Action by Stovall against O'Rear and others in trespass for taking a horse. Defense that horse was subject to execution on judgment of

Weiler & Co. against Camak, and was taken under such execution. This judgment was rendered August 23, 1889. It is not shown that any execution issued on this judgment within a year after its rendition, nor at any other time until the issuance of the writ levied on this horse. This writ was issued July 13, 1897, and levied August 2, 1897. The judgment was then dormant, and this execution void unless the judgment had been registered under section 1920 of the Code, or rather under the act of 1889, now embodied in that and following sections of the Code of 1896. It was attempted to show such registration, made as of October 24, 1889; but the registration proved is fatally defective and wholly inoperative for that it does not show "the name of the owner of the judgment."—*Duncan v. Ashcraft, Admr.,* 121 Ala. 552.

The taking of the horse by the defendants being shown beyond controversy, admitted indeed, and the only defense relied on—justification under legal process—utterly failing, the plaintiff was entitled to the general affirmative charge. On this state of case, if any errors were committed by the circuit court in other matters arising on the trial they could not have prejudiced the appellant in legal contemplation; and so without considering other rulings the judgment must be affirmed.

Affirmed.