# Greenwood, *et al.* v. Trigg, Dobbs & Co.

*Bill in Equity to Enforce Lien of Judgment Creditor.*

1. *Judgment lien; when attaches by virtue of registration; amendment of statute.*—The act, approved February 23, 1899, amending the statute relating to the registration of judgments and the creation of liens thereby (Acts of 1898-99, p. 34), is not retrospective; and if the certificate of a judgment which is filed prior to the passage of said amendatory act is defective, in that it fails to recite the name of the owner of the judgment

[Greenwood, *et al.* v. Trigg, Dobbs & Co.]

as required by the statute previous to amendment (Code, §§ 1920-22), the registration of such certificate is insufficient to create a lien in favor of the owner of the judgment.

APPEAL from the Chancery Court of Marshall.

Heard before the Hon. WILLIAM H. SIMPSON.

The bill in this case was filed by the appellees, Trigg, Dobbs & Company, as judgment creditors of H. B. Greenwood, against said Greenwood and his mortgagee. It was averred in the bill, that, on October 8, 1897, the complainants recovered a judgment against said Greenwood, and that, on the 1st day of February, 1898, a certificate of said judgment was filed for record in the office of the judge of probate of Marshall county, and that the certificate was in all things legal, except that it did not recite who was the owner of said judgment. It was averred in the bill that said Greenwood had given a mortgage to one Thomas A. Cox; and the prayer of the bill was to have a lien declared in favor of the complainants, as judgment creditors, against said Greenwood, and that they be allowed to redeem from under the mortgage the property conveyed therein.

The defendants demurred to the bill upon the ground that the averments of the bill showed that the complainants were not entitled to a lien by virtue of their being judgment creditors; the certificate of the judgment not showing who was the owner of said judgment.

Upon the submission of the cause upon the demurrer, the chancellor rendered his decree overruling said demurrer. From this decree, the defendants appeal, and assign the rendition thereof as error.

STREET & ISBELL, for appellants.—It is clear that the certificate at the time it was recorded was void, and created no lien.—*Duncan v. Ashcraft,* 121 Ala. 552; *Appling v. Stovall,* 123 Ala. 398; *Ivy C. & C. Co. v. Ala. Nat. Bank,* 123 Ala. 477.

J. A. LUSK, *contra.*—This statute, being remedial in its nature, will be liberally construed.—2 Lewis Sutherland Stat. Cm., § 582, *et seq.*

[Greenwood, *et al.* v. Trigg, Dobbs & Co.]

What is within the intention is within the statute, though not within the letter.—Ib., § 583.

Statute relating to docketing judgments by transcript has been held directory as to clerical particulars.—2 Lewis Sutherland Stat. Cm., § 619; *Sears v. Burnham,* 17 N. Y. 445.

ANDERSON, J.—In order for the complainants to obtain the relief sought by their bill of complaint they must have a lien.   Their judgment was certified February, 1898, and before sections 1920, 1921 and 1922 of the Code of 1896 were amended by the act approved February 23rd, 1899, page 34.   The certificate failed to recite the name of the owner as was required by the statute previous to the amendatory act of 1899, and was void as a lien.—*Duncan v. Ashcraft,* 121 -Ala. 552; *Appling v. Storall,* 123 Ala. 398.

While the certificate in question was not sufficient to create a lien, under the law in force at the time of the filing, it would be sufficient under the amendatory act of 1899, if filed subsequent thereto; and this brings to us for determination whether or not the act related only to certificates subsequently filed or was intended to cure those already filed?

"It may be laid down as a fundamental rule for the construction of statutes that they will be considered to have a prospective operation only, unless a legislative intent to the contrary is expressed or is necessarily to be implied from the language used or the particular circumstances; especially where to construe the act as retrospective in its operation would render it obnoxious to some constitutional provision, though the fact that the retrospective operation would not be unconstitutional, does not require the act to be construed as restrospective."—26 Am. & Eng. Ency. Law, 693.

We cannot necessarily infer that the act in question applied to certificates registered before the passage thereof.   It does not declare that a registered judgment or decree shall be a lien, but, on the other hand, expressly declares that the owner of any judgment or decree "May file in the office of the judge of probate * * * * and that every judgment and decree when so filed, shall be a lien."

The certificate being insufficient to create a lien under the law at the time of the filing, and never having been filed subsequent to the amendatory act, the complainants have no lien.

The chancellor erred in overruling the respondent's demurrer to the bill, and a decree is here rendered sustaining the demurrer, and allowing complainants sixty days to amend if so desired.

Reversed and rendered.

McCLELLAN, C. J., TYSON and SIMPSON, J. J., concurring.