# Jefferson County Savings Bank *v.* Miller.

## *Bill to Quiet Title.*

·[DECIDED APRIL 3, 1906. 40 So. REP. 513.]

1. *Judgments; Certificates of; Registration; Validity.*—Under Sec. 1920, Code 1896, a certificate of judgment recorded in the office of judge of probate, which fails to state who was the owner of the judgment, is invalid.

2. *Execution; Right of; Time of Registration of Judgment.*—Under Secs. 1920-1921-1922, as amended by Gen. Acts, 1903, p. 273, a judgment filed for registration more than a year after its rendition, will support a lien on which execution may be issued to enforce same.

3. *Same; Original Judgment; Certificate.*—Executions always issue upon original judgments, and the effect of the registration statutes is not to give a new judgment, but to create a lien and preserve to the holder the right to have execution, at any time within life of the lien, on the original judgment.

4. *Statutes; Affecting Mode of Procedure; Construction.*—Statutes which do not affect the right, but only the mode of enforcing the right, apply to causes arising before their enactment as well as after.

APPEAL from Jefferson Chancery Court.

Heard before Hon. A. H. BENNERS.

This was a bill filed by Nathan Miller against the Jefferson County Savings Bank to quiet title to certain lands described in said bill.

The case was tried on the following agreed statement of facts: On January 29, 1898, the complainant being a creditor of John G. Bradley (the person who by that name is mentioned in the bill of complaint in this cause) to the amount of seventy-three hundred ($7300.00) dollars obtained a judgment against him for that amount in the circuit court of Jefferson County, Alabama. On January 29, 1898, he, the complainant, being the owner of said judgment, filed for registration in the office of the judge of probate of said county, a certificate of the clerk of said circuit court, which is correctly represented by Exhibit "A" to the bill of complaint in this cause, and on said last named day, said certificate was registered and recorded by said judge of probate in a book or register kept by him for the purpose of showing the registration and recording of such certificates, and the said judge then also noted on said book or register the date of the filing of said certificate of judgment. Except by what appeared on said certificate, said book or register was not made to show who was the owner of said judgment, but the probate judge made on said book or register a certificate, which is correctly represented by Exhibit "B" to said bill.

On September 18th, 1899, complainant filed for registration in the office of the said judge of probate, another certificate of said circuit court and said probate judge, then duly registered and recorded the same in a book or register kept by him for said purposes and also caused said book or register to show date of the filing of said certificate of judgment.

Said last named certificate and the entries on said register relating to same, are correctly represented by Exhibit "C" to said bill.

On April 21st, 1904, execution was issued by said circuit clerk upon the judgment in that court aforesaid, and was by the sheriff of said county levied upon, as the

property of said Bradley, the land described in paragraph three of said bill.

On May 23rd, 1904, said sheriff, pursuant to said levy and after due notice given in accordance with the statutes in such case provided, sold the property so levied on, and the complainant bought and paid for the said property, and pursuant to said sale received from the sheriff a deed, which is correctly represented by Exhibit "D" to said bill and said deed was on June 21st, 1904, filed for record in the office of the probate judge.

That said John G. Bradley never had any interest in said lands other than an undivided one-fourth interest, and this contest between complainant and defendant is over said undivided one-fourth interest formerly owned and held by said John G. Bradley, and the same concerns no other part of or interest in said land. When this suit was brought there was no other suit pending to enforce or test the validity of defendant's title or claim to or encumbrance upon said undivided one-fourth interest in said land. It is further admitted that the lands in controversy lie in Jefferson county, Alabama; that the complainant is, over the age of twenty-one years and is a bona fide resident of Jefferson county, Alabama, and that the respondent is a body corporate with its place of business in Jefferson county, Alabama, it is further, admitted that on the 7th day of November, 1901, the respondent obtained a judgment in the city court of Birmingham, Alabama, against John G. Bradley for the sum of $3168.69 and the court costs amounting to $6.95 and that on the 7th day of November, 1901, the respondent received from the clerk and register of the city court of Birmingham, Alabama, a certificate of said judgment and the same was duly filed and recorded in the office of the probate judge of Jefferson county, Alabama, which said certificate of judgment with all the endorsements thereon are correctly represented by Exhibit "A" of respondent's answer; that execution was issued on respondent's said registered judgment on the 25th day of March, 1904, and was on the 26th day of March, 1904, levied by the sheriff on the land described in the original bill as the property of John G. Bradley, and after

due notice to said John G. Bradley, and after due advertisement of said sale, was sold by the sheriff on the 23rd day of May, 1904; this sale of the respondent under its said judgment and execution was had about ten minutes before the sale under the judgment and execution of the complainant. Both said sales were made at the same place and between the time of said sale under the respondent's execution, and at the time of said sale under the complainant's execution, the officer conducting these sales, remained at said place without doing any business other than that done in making said last named sale. The complainant, himself, was present in person at each of said sales, and the respondent was represented there by attorney, John H. Miller. At the sale under the respondent's execution, the respondent became the purchaser and received a deed from the sheriff, which said deed is correctly represented by Exhibit "B" and which, together with the endorsements thereon, is attached to the answer of the defendant. It is further admitted that the complainant was in peaceable possession of the land in controversy at the commencement of this suit, Nov. 7, 1905.

JOHN H. MILLER and E. K. CAMPBELL, for Appellant. The certificate of judgment filed and registered by Miller on January 29th, 1898, was void and of no effect, because the name of the owner of the judgment was not shown by the registration.—*Duncan v. Ashcraft*, 121 Ala. 552; *Appling et al. v. Stovall*, 123 Ala. 398; *Ivey C. & C. Co. v. Ala. Nat. Bank*, 123 Ala. 477.

The certificate of judgment recorded Sept. 18th, 1899, not having been registered within one year from the rendition of the judgment, was not entitled to execution thereon to effectuate the lien as there was not a compliance with section 1922 of the Code 1896, nor with the same provision in the amendatory act 1898-9, p. 35.—Authorities supra; *Enslen v. Wheeler*, 98 Ala. 207.

The act of Sept. 26, 1903, (General Acts, 1903, p. 273) has no application here. It is prospective in its operation and must be so construed unless it clearly appears

[Jefferson County Savings Bank v. Miller.]

otherwise.—*Greenwood, et al. v. Trigg, Dobbs & Co.,*
143 Ala. 617; 26 Am. & Eng. Ency. of Law, 693.

H. A. SHARPE, for Appellee.—Complainant's last cer-
tificate of judgment and registration was made in strict
accordance with the acts and by it complainant acquired
a lien on the land in controversy, which lien being ac-
quired previous to appellant's judgment, was not dis-
placed or impaired by any lien depending on registra-
tion or execution on the later judgment.—*Decatur C. &
C. Works v. Moses,* 89 Ala. 538; *Street v. Duncan,* 117
Ala. 571; *Reynolds v. Collier,* 103 Ala. 245; *Howard v.
Cory,* 126 Ala. 283.

Though there had been no execution on his judgment,
and no proceedings to revive that judgment, Miller had
a right to execution when issued by virtue of the Acts of
1903 and Acts 1898-9.—*Coosa Etc. Co. v. Barclay,* 30
Ala. 120; *Enslen v. Wheeler,* 98 Ala. 207.

Miller's lien in no way depended upon the issuance
of an execution, it sprung from the judgment and con-
tinued by virtue of its registration, and the delay in the
issuance of his execution did not operate to prejudice
his lien.—*Decatur C. & C. Works v. Moses, supra.* The
execution is a mode of enforcing the lien of a registered
judgment and relates back to the inception of the lien.—
Authorities supra; *Duncan v. Ashcraft,* 121 Ala. 552.
Bradley, the defendant in execution, is the only one who
can treat the judgment as voidable—*Draper v. Nixon,* 93
Ala. 436; *Leonard v. Brewer,* 86 Ala. 390; *Sandlin v. An-
derson,* 76 Ala. 403; *Howard v. Corey, supra.* The lands
were sufficiently described.—*Green v. Jordan,* 83 Ala.
139; *Seymour v. Williams,* 109 Ala. 139.

SIMPSON, J.—This was a bill filed by the appellee
(complainant) against the appellant (defendant) un-
der the statute to quiet title to the land in controversy,
and the agreed statement of facts shows that complain-
ant obtained judgment January 29, 1898, and the judg-
ment was registered the same day, but failed to state
who was owner of the judgment, which, under section
1920 of the Code of 1896, and the decisions of this court
16 .

thereon, was invalid. His judgment was filed again for registration September 18, 1899, under Act Feb. 23, 1899—Acts 1898-99, p. 34. The defendant then obtained judgment against the same party November 7, 1901, and filed his judgment the same day, and had execution issued and levied March 24, 1904. Complainant had an execution issued and levied April 21, 1904, and the property was sold under both executions May 23, 1904; each party purchasing under his own execution. The decree of the chancellor was in favor of the complainant.

The contention of appellant (defendant) is: (1.) that the first registration by complaint was invalid, which is correct; (2) that the second registration was invalid, in so far as it could authorize an execution to be issued, because it was more than a year after the judgment was rendered; (3) that the act of September 26, 1903 (Acts 1903, p. 273), could not authorize the issuance of the execution of April 21, 1904, because that would be giving to the act retrospective operation, and depriving said defendant of a vested right, to wit, the right to have execution on its judgment and levy on the property. The only material change of the sections of the Code, made by the act of 1899 was in dispensing with the necessity of stating who is owner of the judgment, and making the filing of the judgment notice, in place of the registration. It will be noticed that there is no limit of time for the filing or registration of the judgment, but whenever it is filed it becomes a lien on the property and operates as notice. It is provided only by section 1922 of the Code, and continued by act of 1899, that if the judgment is filed or registered within one year execution may be issued. So it is clear that at the time of the enactment of the statute of 1903 the complainant had a lien on the land which was prior and superior to that of the defendant. The only change made by the act of 1903, which is material to this case, is to provide that "upon any judgment or decree which has been filed or registered as provided by section one hereof within ten years" execution may issue. So the effect of that act was not to change the rights or interests of the parties in or to the property, but merely to give the complainant a remedy

by execution to enforce the lien, which appellant admits he had.

"Statutes designed to change the mode of judicial procedure, where such change relates to the method of enforcing a right and does not affect the right itself, are construed to apply to causes of action which accrued before the enactment, as well as those to accrue thereafter."—26 Am. & Eng. Ency. Law, p. 695; *Coosa, etc. v. Barclay*, 30 Ala. 120; *Willis v. State*, 134 Ala. 429, 38 South. 226; 2 Mayfields's Dig. 710. It has been held by this court that the original statute, authorizing the registration of judgments and declaring the registration to constitute a lien, was applicable to judgments which were in existence at the time of the enactment of the statute.—*Enslen v. Wheeler*, 98 Ala. 200, 13 South. 473. In fact, the construction which makes the act of 1903 applicable in this case is not giving it a retroactive effect. If the judgment had been registered before the enactment of the statute, that question might have arisen; but it was registered under the act, after its passage, and, as before stated, the statute merely authorized the party to pursue his remedy by execution for a right already existing.

Appellant places stress on the fact that the agreed statement of facts states that "appellee issued his execution, not on his registered judgment, but on his original judgment." There is no force in this distinction. The execution is always issued under the original judgment; the effect of the statute being, not to give a new judgment, but to create a lien, and to preserve to the holder of the judgment the right to have execution thereon, during the life of the lien. The statute provides that the judgment, when filed, shall be a lien, and "upon any judgment * * * which has been filed and registered," execution may issue. The same judgment is the basis for the execution, and the statute merely preserves the right to issue execution on it, without the necessity of keeping executions out, as under the law before. It is still the original judgment which has been registered.

Appellant also stresses the fact that the actual sale under its judgment was about 10 minutes prior to that

.made under the judgment of appellee. The law is very clear that a sale under execution is subject to all the rights of all who hold a prior lien, by judgment or otherwise, on the property. If there had been no execution on appellee's judgment at all, the purchaser under appellant's execution would have taken the property subject to the prior lien of appellee, and, as it was, he took it subject to the said lien enforceable by the subsequent sale under execution.—*Caldwell v. Houser,* 108 Ala. 125, 19 South. 796.

The judgment of the court is affirmed.

WEAKLEY, C. J., and TYSON and ANDERSON, JJ., concur.

