# Simmons *v.* Sharpe, *et al.*

## *Ejectment.*

(Decided Nov. 27th, 1906.   42 So. Rep. 441.)

1. *Execution; Form of Writ; Description of Parties.*—In this action plaintiff relied on a sheriff's deed made on execution sale, and the execution recited the names of the plaintiffs as "A. S. and Son," conforming to the caption of the judgment upon which it was brought in the name of A. Y. S. and G. G. S., partners, etc. Held, the execution was not void, and the complaint could be consulted for the purpose of identifying the plaintiffs, both as to the judgment and the execution.

2. *Same; Cost Bill.*—The execution was not invalid on the ground that the costs were not itemized as required by section 1883, Code 1896, because the cost bill upon the execution stated "orders of court, thirty cents," it being obvious that the word "order" was intended as required by section 1372, Code 1896.

3. *Ejectment; Judgment.*—Plaintiff relied on sheriff's deed made on execution sale.  One of the defendants was the defendant in execution, and the other defendants were mortgagees, who acquired their right thereunder to separate parcels of the land, no one of them claiming title to the whole.  All the defendants entered a joint plea of not guilty.  Held, that a judgment against all the defendants was proper, since, if the mortgagees desired to avail themselves of their superior title as against this plaintiff to the particular parcel of land claimed by each, they should have entered separate disclaimers as to the parcels of land not conveyed by their respective mortgages, and separate pleas of not guilty to the parcel to which they claimed title, and the defendant in execution, if he claimed title to only a parcel, should have entered his disclaimer as to the balance; his equity of redemption being subject to a sale under execution.

4. *Appeal; Harmless Error; Admission of Evidence.*—The defendants not being entitled to recover under their pleadings, evidence erroneously admitted was harmless.

APPEAL from Marengo Circuit Court.

Heard before HON. JOHN T. LACKLAND.

Action of ejectment by A. Y. Sharpe and others against R. L. Simmons and others. From a judgment in favor of plaintiffs, defendant Simmons appeals.

J. M. MILLER, for appellant.—The court erred in permitting the execution to be offered in evidence as the judgment was an individual judgment. The words, "& Company" imports a partnership, and with equal reaon the words, "& Son" would import a partnership.— *Henderson v. Perryman,* 114 Ala. 647. A partnership is an entirety.—*Crossewll v. Lehman,* 54 Ala. 363. The insertion of the name of A. Y. Sharpe & Son in the execution on an individual judgment obtained by A. Y. and G. G. Sharpe, rendered the execution void.—82 Ala. 411. The execution is further defective in failing to comply with section 1883 of the code.—138 Ala. 455; 133 Ala. 633. The court erred in permitting the certificate of judgment, because it failed to set out the names of the parties plaintiff as it was in the individual judgment.— 121 Ala. 552.

GEORGE W. TAYLOR, and BENJAMEN F. ELMORE, for appellee.—When a joint action is brought against several defendants who plead jointly the joint judgment is proper.—*Fields v. Williams,* 91 Ala. 502; 11 Ency. of P. & P. p. 856. Defendants in ejectment may demand separate verdicts but failing to make such demand a general verdict is conclusive.—*Winan v. Christy,* 4 Cal. 70; *Ellis v. Jcans,* 7 Cal. 409. Several persons in possession of several parcels of land may be joined.—15 Ency. of P. & P. p. 739 and note; 7 Ib. p. 312-13-14.

TYSON, C. J.—Action of ejectment. The plaintiffs predicate the right to recover the lands sued for upon a sheriff's deed purporting to convey the defendant Simmons' title to the lands in controversy. That deed was made upon sale by the sheriff of the lands under an ex-

ecution issued out of the circuit court on the 2d day of February, 1904, upon a judgment rendered by that court on the 9th day of July, 1895. The names of the plaintiffs who obtained the judgment are recited in the execution as being A. Y. Sharpe & Son, conforming in this respect to the caption of the judgment upon which it was issued. The complaint shows that the action, resulting in the judgment, was brought by A. Y. Sharpe and G. G. Sharpe, partners doing business under the firm name and style of A. Y. Sharpe & Son. The point made is that the execution is void. To this we cannot agree. By consulting the complaint in that cause, which was introduced in evidence, as we have a right to do, the description of the plaintiffs by name of A. Y. Sharpe & Son sufficiently identifies the plaintiffs, both as to the judgment and the execution.—*Simmons v. Sharpe,* 138 Ala. 451, 35 South. 415; *Flack v. Andrews,* 86 Ala. 395, 5 South. 452. But, should we leave out of view the complaint for the purpose of ascertaining who the parties plaintiff were in whose favor the judgment was rendered, and consult only the caption of the judgment entry, neither the judgment nor the execution could be declared void.—*Collins v. Hyslap,* 11 Ala. 508; *Couch v. Atkinson,* 32 Ala. 633; *Brooks v. Ratcliff,* 33 N. C. 32; *Green v. Jones,* 102 Ala. 303, 14 South. 630; 17 Cyc. p. 1015, and notes.

The next objection urged against the validity of the execution is that the bill of costs stated upon it is not itemized as required by section 1883 of the code of 1896. There is only one item of the cost bill attacked as not being in conformity to the requirement of the statute. It is this: "Orders of court, 30 cents." While the word "orders" is plural, yet, when we refer to the amount charged in connection with the statute, which allows that sum for "entering any order of court" (section 1372 of the code of 1896), it is obvious that it must be read "order." The defendant in the execution must be charged with a knowledge of the law, and therefore knew that only the entry of one order was charged in the bill of costs. In so holding we are simply carrying out the manifest purpose of the statute, which was to inform

him of the amount of the costs and the particulars composing it.

This action was brought against a number of defendants. One of them is Simmons, the defendant in the execution, whose estate in the lands was conveyed by the sheriff's deed to the plaintiffs. Others are mortgagees, who acquired their right to separate and distinct parcels of the lands sued for; but no one or all of the mortgagees claimed title to the whole. There was a joint plea by the defendants of not guilty. By this plea they confessed a joint lease entry and ouster of plaintiff and a joint possession for all the lands sued for at the commencement of the suit.—*Bynum v. Gold,* 106 Ala. 427, 17 South. 667. It is, of course, entirely proper that the judgment should follow the pleadings, resulting, therefore, in a joint judgment. It cannot be doubted that Simmons' equity of redemption in the mortgaged lands was subject to sale under the execution, and that, as against him, his possession of the lands was recoverable in this action; and, the defendant mortgagees having joined with him in his plea of not guilty, thereby admitting a joint possession with him, a recovery may be properly had against all of them. For the defendant mortgagees to avail themselves of their superior title as against the plaintiff to particular parcels of the lands, they should have entered a disclaimer to that portion of the lands not conveyed by their respective mortgages, and pleaded "not guilty" as to the parcel to which they claimed title. So, likewise, Simmons, if he only claimed title to a parcel, should have disclaimed as to the balance. This method of presenting their several defenses not having been pursued, the trial court very properly rendered a judgment against all of them.

The question, therefore, of the superior title of the mortgagees to certain parcels of the land not being presented, the rulings of the court in admitting in evidence the several executions and the certificate of the judgment, if erroneous, was without injury. So, likewise, was the admission in evidence of the record of certain deeds offered by plaintiffs harmless. With these matters in or out, the testimony showing, as it did undisputedly, Simmons' possession of that portion of the

[Hamby, et al. v. Folsam, et al.]

lands not embraced in the mortgage at the date of the levy of the execution, and also establishing his equity of redemption in the mortgaged lands in connection with the joint plea by him and the mortgagees, the affirmative charge requested by plaintiff was properly given.

Affirmed.

DOWDELL, ANDERSON, and MCCLELLAN, JJ., concur.