# Compton *v.* Sharpe, *et al.*

### *Ejectment.*

(Decided Nov. 23, 1911.  56 South. 967.)

1. *Judgment; Lien; Registration.*—Under Acts 1898-9, p. 34, the registry of a judgment need not show who was the owner of the judgment in order to make it a lien.

2. *Same; Recording Necessity.*—The recording of the certificate of the clerk or register of the court rendering the judgment is not necessary under the statute to impose a lien by the judgment, the filing being sufficient.

3. *Same; Failure of Execution; Effect of Lien.*—Acts 1890-1, p. 375, authorizes execution for the enforcement of a judgment lien already existing by proper certification and registration of the judgment, and the fact that several executions were ineffective or that a levy was dismissed would not affect the judgment lien, since it did not depend upon the disposition of unexecuted executions.

4. *Execution; Time.*—While Acts 1903, p. 273, omits to prescribe any time for the filing and registration of the judgment and decree, yet its provisions will apply to authorize execution on a judgment, registered before its enactment, but more than one year after its rendition.

5. *Mortgages; Lien; Priority.*—A duly registered judgment lien is superior to any rights acquired under a mortgage executed after the registration of the lien.

APPEAL from Marengo Law and Equity Court.

Heard before Hon. EDWARD J. GILDER.

Ejectment by Laura E. Compton against A. Y. Sharpe and others.  Judgment for defendant and plaintiff appeals.  Affirmed.

J. M. MILLER, for appellant.  The mortgage executed by Simmons to Compton was a good and valid conveyance and was not fraudulent, and the only way that Sharpe could defeat the same was by showing a superior lien.—3 Mayf. 853.  The judge set aside the sale under execution of Nov. 26, 1901, and the mortgage executed Dec. 30, 1901, was a superior lien to any sub-

[Compton v. Sharpe, et al.]

sequent execution. When the plaintiff bid in the lands for a nominal sum the deed could not be set aside for inadequacy unless so great as to create the presumption of fraud.—103 Ala. 425; 54 Ala. 189. The judgment was not registered, and hence, did not constitute a lien, and Acts 1903, p. 273, cannot be considered retroactive.— *Jefferson County Bank v. Miller*, 145 Ala. 237. The defendant prevented the sale, and hence, lost any benefit from the lein.—*G. L. I. Co. v. McCrary*, 95 Ala. 127; *Albertson v. Goldsby*, 28 Ala. 711. The recording of the judgment was not good.—152 Ala. 546; *Evans v. Silvey*, 144 Ala. 398.

B. F. ELMORE, REESE & REESE, and C. K. ABRAHAMS, for appellee. Compton was not a bona fide purchaser as the mortgage was executed for a past indebtedness.— *Alexander v. Caldwell*, 55 Ala. 517; *Ely v. Pace*, 139 Ala. 293. Under the evidence in this case the mortgage is fraudulent.—*Dollins v. Bullock*, 89 Ala. 351; *Gilliand v. Fenn*, 90 Ala. 230; *Reeves v. Skipper*, 94 Ala. 408; *Blumenthal v. Mangus*, 97 Ala. 530; *Smith v. Hineman*, 118 Ala. 195. The certificate of the judgment filed in the office of the judge of probate was sufficient. —*Simmons v. Sharpe*, 148 Ala. 217. Under the various acts the filing for registration created a lien which was superior to the lien created by the mortgage, even conceding that the mortgage was otherwise good.—*Heflin v. Clay*, 78 Ala. 180; *Fouche v. Swain*, 80 Ala. 151; *Seabold v. Rodgers*, 110 Ala. 483; *Chapman v. Johnson*, 142 Ala. 633. The mortgage was subject to the prior lien when taken.—*Jefferson County Bank v. Miller*, 145 Ala. 237. The lien did not lapse.—*Decatur C. C. Wks. v. Moses*, 89 Ala. 539; *Street v. Duncan*, 117 Ala. 571. The defendant had a legal title to the lands sued for.—*Carter v. Smith*, 142 Ala. 414. The execu-

[Compton v. Sharpe, et al.]

tion that was levied was valid.—*Simmons v. Sharpe,
supra.* The sale made under it has never been set aside,
and its validity cannot be attacked in a collateral pro-
ceeding.—*DeLoach v. Robbins,* 102 Ala. 288; *Howard v.
Carey,* 126 Ala. 283.

McCLELLAN, J.—Statutory ejectment by appellant
against appellee.

The history and results of other contests between these
parties over related questions may be found in 138 Ala.
451, 35 South. 415, and 148 Ala. 217, 52 South. 441.
Under the view of the record that prevails on this ap-
peal, the controlling question is whether the certifica-
tion and registration in the probate office of the judg-
ment of Sharpe and Son against R. L. Simmons ren-
dered by the circuit court of Marengo county effected to
establish a lien for the satisfaction of the judgment su-
perior to any right acquired by Mrs. Compton in virtue
of her mortgage from Simmons.

The judgment was rendered July 9, 1895. Executions
were promptly issued to enforce its satisfaction. A cer-
tificate of the clerk formed according to provisions of
the act approved February 23, 1899 (Acts 1898-99, p.
34), fixing the requirements for the registration of
money judgments and decrees of courts of record, was
filed in the probate office on July 17, 1899. The mort-
gage to Mrs. Compton was executed December 30, 1901.
It was expressly ruled in *Bland v. Putman,* 132 Ala.
613, 32 South. 616, that the act of 1899, before men-
tioned, did not require that the registry should show
who was the owner of the judgment or decree. The cer-
tificate and registry there pronounced valid and effica-
cious to impose the judgment as a lien from the date of
its filing in the probate office was, in form, identical
with that shown by this record. This ruling in con-

struction of the act of 1899 in *Bland v. Putman* has not, so far as we have been able to discover, been doubted or departed from. The ruling in *Greenwood v. Trigg,* 143 Ala. 617, 39 South. 361, was under the Code of 1896, before the act of 1899. It was held in *Simmons v. Sharpe,* 148 Ala. 217, 42 South. 441, that the judgment in question was not void.

It is contended for appellant, upon the authority of *Edinburgh American, etc. Co. v. Grant,* 152 Ala. 456, 44 South. 554, that no lien for the satisfaction of a judgment was created if the certificate of the clerk of the court rendering the judgment was not recorded. Apart from any other considerations that might suggest themselves as demonstrating the inapplication of that ruling to the cause at bar, it will suffice to note that there the act involved was that of 1889 (Laws 1888-89, p. 60), in force previous to the Code of 1896, and, of course, previous to the act of 1899, amendatory to that codification. The certification and registration of the judgment against Simmons was effected under the act of 1899; and this act did not condition the imposition of the lien upon the recording in the probate office of the certificate of the clerk of the court rendering the judgment. Nor did any of the laws in force previous to the codification of 1896 or that codification relating to the registration of money judgments and decrees, hinge the creation or continued existence of the lien upon the issuance or any other act in respect of the execution. The lien, according to decision, was under those statutes, the stipulated consequence of certain acts of the clerk of the court rendering the judgment or decree and of the registration of the judgment or decree in the probate office.—*Decatur C. C. Co. v. Moses,* 89 Ala. 538, 7 South. 637.

Hence the sole office of the execution authorized by the amendatory act of 1891 (Acts 1890-91, p. 375) was the enforcement of a lien already existent in virtue of the proper certification and registration of the judgment or decree.　So, if (for the occasion only) appellant's contention with respect to the entire ineffectiveness of each execution and sale anterior to that resulting from the execution of February 2, 1904, is conceded, the lien created on July 17, 1899, was unimpaired, unaffected, in any way.　So, too, granting full effect to Mr. Elmore's dismissal of the levy of 1902, that act did not impair or affect the lien coming into existence July 17, 1899; for the reason, to repeat, that that lien was not dependent for its life upon the fate or treatment of unexecuted executions.

Under the act of 1899, a condition to the availing of execution to enforce the lien provided was that the registration of the judgment should have been accomplished "within one year from the date of its (judgment's) rendition."　As appears, the registration of this judgment was effected about four years after it was rendered.　Hence, until the act of 1903 (Acts 1903, pp. 273, 274) was approved, the lien of this judgment was not enforceable by execution.　The act of 1903 omitted the indicated restriction with respect to availability of execution to enforce such liens.　It is insisted for appellant that the act of 1903 did not make available, to theretofore registered (but after one year from their rendition) judgments, writs of execution to enforce them. The exact question was considered and decided adversely to appellant's contention in the comparatively recent appeal of *Jefferson County Bank v. Miller,* 145 Ala. 237, 40 South. 513.　We see no reason to doubt the soundness of the ruling there made.

Accordingly, it must be held here, as it was below, that the appellee's registered judgment lien was superior to any rights acquired by appellant under Simmons' mortgage (*Goodbar & Co. v. Blackwell*, 170 Ala. 234, 54 South. 532), and that the lien was validly enforced.

The judgment for defendant must therefore be affirmed.

Affirmed.

All the Justices concur, save ANDERSON, J., not sitting.