(122 So. 14)

REUF et al. v. FULKS et al.   (8 Div. 63.)

Supreme Court of Alabama.   April 25, 1929.

Bradshaw & Barnett, of Florence, for appellants.

Eyster & Eyster, of Decatur, for appellees.

GARDNER, J. Appellants J. L. Reuf and C. J. Swager (complainants in the court below) purchased certain real estate situated in the city of Florence, Ala., from John L. Robinson and wife on December 15, 1924. Lillian Fulks, as administratrix of the estate of J. T. Fulks, deceased, prior to June 11, 1924, filed two suits in the Morgan county circuit court against Leo Warten and John L. Robinson, partners doing business under the firm name of H. & L. M. Warten Cotton Company, and Leo Warten and John L. Robinson, individually, and John L. Robinson & Co. It may here be added that John L. Robinson was the sole owner, and in business under the name of John L. Robinson & Co. The cases were numbered respectively 2137 and 2138. Upon the causes being called for trial on November 11, 1924, on motion of plaintiff, Leo Warten was stricken as a party defendant, his bankruptcy having been suggested, and judgment was rendered in favor of said administratrix against H. & L. M. Warten Cotton Company and John L. Robinson, individually, in the sum of $601.60, and costs in case No. 2137, and in the sum of $673.32 and costs in No. 2138. Certificates were issued on each of these judgments by the clerk of the circuit court of Morgan county, and on December 10, 1924, were by said administratrix filed for registration in the office of the probate judge of Lauderdale county. These certificates appear in the report of the case.

The property purchased by complainants was owned by said John L. Robinson, and no question of exemptions is involved. This equity proceedings was instituted to test the superiority vel non of the lien of defendants' judgments over the title acquired by complainants by their deed of December 15, 1924. The chancellor concluded the lien of the judgments was superior to complainants' title, and decreed accordingly, from which

decree complainants have prosecuted this appeal. We find ourselves in accord with this view.

Appellants argue some irregularities as to the registration and indexing by the probate judge of these certificates filed in his office, and cite Edinburgh Amer. Land Mtg. Co. v. Grant, 152 Ala. 456, 44 So. 554, to the effect that recordation is essential to effectuate the lien of the statute. That decision, however, was rested upon the Act of 1889 (Acts 1888–89, page 60) in force previous to the Code of 1896, and the Act of 1899, amendatory thereof (Acts 1898–99, p. 34). This was commented upon in Compton v. Sharpe, 174 Ala. 149, 56 So. 967, where it was pointed out that, under the statute as it now exists, registration is not a condition of the establishment of the lien. To like effect is the case of Jefferson County Sav. Bank v. Miller, 145 Ala. 237, 40 So. 513, where it is held the lien is established upon the filing of the certificate with the probate judge, the court saying: "The only material change * * * made by the Act of 1889 was in dispensing with the necessity of stating who is [the] owner of the judgment, and making the filing of the judgment notice, in the place of registration. '* * * Whenever it is filed it becomes a lien on the property and operates as notice."

■ Our present statute expressly provides for the lien upon filing the certificate in the office of the probate judge, and that such filing "shall be notice to all persons of the existence of the lien thereby created." Section 7875, Code of 1923.

Some of our cases may contain misleading expressions in this respect (among them Roney v. Dothan Produce Co., 217 Ala. 475, 117 So. 36, and Birmingham News Co. v. Barron G. Collier, 212 Ala. 655, 103 So. 839), but it so clearly appears from these opinions that the question here considered was in no manner involved, or even in the mind of the authors, and no intention to in any manner disturb the above-noted authorities, that further comment thereon is unnecessary.

The matters of irregularity as to registration and indexing are therefore expressly pretermitted as unnecessary for determination on this appeal.

That these certificates were duly issued by the clerk and duly filed in the probate office of Lauderdale county appears without conflict, and the remaining question relates only to their sufficiency, in the light of the strict construction of these statutes (sections 7874, 7875, Code of 1923) under the former decisions of this court. Ladd v. Smith, 209 Ala. 114, 95 So. 280; Conn v. Sellers, 198 Ala. 606, 73 So. 961; Morris v. Waldrop, 213 Ala. 435, 105 So. 172; Booth v. Bates, 215 Ala. 632, 112 So. 209.

That these certificates properly contained the style of the court, amount and date of the judgment, amount of the costs, and the names of plaintiffs' attorneys, is not questioned, but

`254`

it is insisted they were fatally defective for failure to show the names of the parties. Booth v. Bates, supra.

■■ In this respect it was observed in Ladd v. Smith, supra, that the statute had reference "to the parties to the judgment or decree, not necessarily to the parties to the cause." The suits disclosed that H. & L. M. Warten Cotton Company was a partnership composed of Leo Warten and John L. Robinson, and the judgment entries show an amendment by striking Leo Warten as a party because of suggestion of his bankruptcy, and judgment rendered against the firm and John L. Robinson, individually. As a partnership, the H. & L. M. Warten Cotton Company was subject to suit by that name, and judgment properly so rendered. Wahouma Drug Co. v. Clay, 193 Ala. 79, 69 So. 82. Said partnership by firm name was a party to the suit and a party to the judgment, and the certificates were not defective in failing to state whether a partnership or a corporation, and, if the former, the names of the members thereof. The case of Conn v. Sellers, supra, relied on by counsel for appellants, holds nothing to the contrary. There the recovery was by a partnership in the partnership name only, and, without the aid of a statute, such suit was not maintainable in the firm name. But, as pointed out in Wahouma Drug Co. v. Clay, supra, a partnership may be sued under the firm name by virtue of our statute to that effect. Section 5722, Code of 1923.

■ The certificates recite a judgment against John L. Robinson, individually, and John L. Robinson & Co., while John L. Robinson & Co., is not designated in the judgment entry, and it is urged this renders them fatally defective. But it appears that John L. Robinson was sole owner and did business under the name of John L. Robinson & Co. Therefore a judgment against John L. Robinson individually answered all practical purposes. The recital of the certificate in this respect was but a redundancy, entirely harmless and without effect.

■ In one of the certificates (Case No. 2137) a clerical error was committed in the initial of the deceased, being stated as J. W. when J. T. was intended. Otherwise the party plaintiff was properly described as "Mrs. Lillian Fulks, as administratrix of estate of J. W. (T.) Fulks, deceased." Very clearly, this error could not be held as of such consequence upon consideration of the designation of the party plaintiff to the cause as to render the certificate ineffectual, notwithstanding a firm adherence to the rule of strict construction of the statute.

We have considered the questions argued by counsel for appellants in brief, and conclude that the decree of the chancellor is free from error, and should be affirmed.

Affirmed.

All the Justices concur.