# Howard *et al. v.* Corey.

*Bill in Equity to compel Transfer of Stock in Corporation.*

126 283
134 427

126 283
138 328

1. *Equity jurisdiction; bill to compel transfer of stock in corporation and settle conflicting claim.*—One who claims stock in a corporation that is claimed by others, can maintain a bill in equity to settle the conflicting claims to said stock and to compel recognition on the part of the corporation of the true ownership of said stock, and to compel a transfer of said stock upon the books of the company to such true owner.

2. *Same; same; proper party.*—Where a bill in equity is filed to settle conflicting claims to stock in a corporation and to compel recognition on the part of said corporation of the true ownership in said stock, all persons having an interest in

[Howard *et al.* v. Corey.]

the stock, whether legal or equitable, are proper parties to said bill.

3. *Equity pleading; multifariousness.*—When the object of a bill. in equity is single, it is not rendered multifarious by the joinder of defendants having different and distinct interest. in the matter or the question litigated, where the relief prayed for, if granted, will affect all of them.

4. *Fraudulent conveyance of property; no obstacle to levy there-- on under creditor's execution.*—The fact that a debtor has fraudulently conveyed his property is no obstacle to the levy thereon of an execution issued upon a judgment recovered against said debtor by one of his creditors, and the sale of said property under said levy.

5. *Registration of judgment; execution may be issued at any time within ten years.*—Where the certificate of a judgment has. been recorded in the probate office of the county under the provisions of the statute, (Code, §§ 1920-1923), the judg- ment is kept alive during the period of ten years in which. the lien continues; and the owner of the judgment may, at any time within ten years, have issued thereon an execu- tion without regard as to whether one had been previously issued.

6. *Same; sale under execution.*—Although there may be irregu- larities in the registration of a judgment as provided for by statute (Code, § 1920), a sale of property under an execu- tion issued upon said judgment, unless set aside in some ap- propriate proceedings, passes the title to the property sold and can not be collaterally attacked.

7. *Sale under execution; mere inadequacy of price not sufficient to set aside said sale.*—Mere inadequacy of price, though it may be ground for vacating a sheriff's sale under execution in a direct proceeding for that purpose, does not, so long as the sale is allowed to stand, prevent the passing of title or render the sale subject to collateral attack.

APPEAL from the Chancery Court of Morgan.

Heard before the Hon. WILLIAM H. SIMPSON.

The bill in this case was filed by the appellee, Lorenzo Corey, against Frank A. Howard, Jas. A. Howard and the Alabama Flint Co. The facts as averred in the bill may be summarized as follows: The Alabama Flint Company was incorporated at Decatur, Alabama, in 1896 by John D. Wyker, C. A. Malone and Frank A. Howard, each of whom. subscribed for 133 1-3 shares

of the capital stock of said company, which consisted of 400 shares of the par value of $100. Frank A. Howard paid for his stock and a certificate for 133 1-3 shares was duly issued to him.

On June 17, 1893, the said Frank A. Howard, became indebted to the Exchange Bank of Decatur in the sum of $100, for which he executed a note. This note contained a waiver of exemptions. By regular transfer and sale, said note became the property of the complainant and on March 12, 1896, the complainant and owner of said note instituted a suit in the circuit court of Morgan county against said Howard for the amount of the note and interest, and on November 10, 1896, recovered a judgment against him for the sum of $1,376.10, together with interest. In the language of the bill "A certificate of this judgment was, on the 26th day of November, 1896, duly filed and registered in the office of the probate judge of Morgan county, Alabama."

On June 11, 1898, the complainant, as the owner of said judgment, caused an execution to be issued from the circuit court upon said judgment, which execution was duly levied by the sheriff of said county upon the shares of stock in the Alabama Flint Company owned by Frank A. Howard. After advertising the sale of said property so levied upon, in the manner as directed by law, the same were sold on June 27, 1898, at public auction and the complainant became the purchaser of said shares of stock for the sum of $9.33 and a transfer in writing of the stock so purchased was made to this complainant by the sheriff.

It was specifically averred in the bill that at the time of the recovery of said judgment against Frank A. Howard, and at the time of the filing and registering in the office of the judge of probate of Morgan county the certificate of judgment, and at the time of the levy and sale of the stock so levied upon, Frank A. Howard was the owner of said shares of stock, but had less than 133 1-3 shares thereof, it being further averred that prior to that time 10 of the shares had been disposed of.

Jas. A. Howard, a son of Frank A. Howard, claims to be the owner of 123 1-3 shares of stock of the Ala-

bama Flint Company; holding the same by an alleged
sale and transfer thereof from his father to him. The
123 1-3 shares of stock so claimed by Jas. A. Howard
are a part of the 133 1-3 shares originally issued to
Frank A. Howard. It is denied in the bill that Jas. A.
Howard is the true and lawful owner of said shares of
stock, and it is averred that the alleged sale and trans-
fer of said 123 1-3 shares to him were made after the
complainant's judgment had been obtained and after
the filing and registration of the certificate in the office
of the judge of probate as stated above. It is then
averred in the bill that if in fact the alleged sale and
transfer of the stock from Frank A. Howard to Jas. A.
Howard was had before the recovery of judgment
against Frank A. Howard, and the registration of the
certificate of said judgment in the office of the probate
judge, that such transfer of sale was made by Frank A.
Howard to hinder, delay and defraud the complainant
and his other creditors from the collection of their debts
against him, and that no valuable or adequate consider-
ation was paid for said shares of stock to his father, and
that said transfer was voluntary and gratuitous. Con-
tinuing the bill averred that Frank A. Howard has, since
the alleged transfer, continuously controlled and man-
aged said stock and has been one of the active managers
of the Alabama Flint Co., and has received whatever of
dividends or profits have accrued or appertained to said
133 1-3 shares of stock. That at the time of the alleged
transfer, Frank A. Howard was insolvent and has been
continuously so since, and that if Jas. A. Howard paid
any valuable consideration for the stock so transferred,
it was paid with the knowledge of his father's insolvent
condition, and that the purpose of Frank A. Howard to
hinder, delay and defraud his creditors, was known to
or participated in by Jas. A. Howard. That if any con-
sideration was paid for said transfer, there was reserved
by agreement between the two a secret benefit or ad-
vantage to Frank A. Howard in the stock so transferred,
which said stock at the time of said transfer was of great
value, towit, more than $5,000.

The complainant then averred that on August 19, 1898, and before that time, he applied to the Alabama Flint Company, through its secretary and treasurer, who was keeper and custodian of the books, to register upon the books of the corporation a transfer of the 123 1-3 shares of stock in favor of the complainant; that he has also applied to said corporation to be recognized by it as the owner of said stock and that the certificate or certificates be issued to him, all of which requests have been refused.

The prayer of the bill was that upon final hearing it be decreed that the complainant is the owner of the said 123 1-3 shares of stock, that the custodian of the books of transfer of said company register upon them the transfer of the stock to the complainant by the sheriff of Morgan county; that Alabama Flint Company be required to recognize complainant as the owner of said shares of stock and be compelled to issue to him a certificate or certificates therefor. There was also a prayer for general relief. To this bill the defendants demurred upon the following grounds: "1st. Said bill avers that complainant recovered judgment against defendant Howard on November 10th, 1896 and does not show that execution was issued upon said judgment until June 11th, 1898, more than twelve months after the rendition of judgment and at a time when within which execution was authorized by law. 2d. Said bill shows on its face that the levy on the stock was irregular and unauthorized without a *scire facias* reviving the judgment upon which the execution was issued. 3d. Said bill seeks the enforcement of a demand which is on the face unconscionable and inequitable in this, that it seeks the condemnation of stock averred to be worth more than five thousand dollars for the satisfaction of a demand costing $9.33. 4th. Said bill is multifarious in this, that it seeks to set aside as fraudulent and void the alleged sale by F. A. Howard to James A. Howard and at the same time seeks the enforcement of a legal right by compelling the Alabama Flint Company to transfer and assign upon the books the certificate of shares of stock mentioned, or 123 shares. 5. Said bill

[Howard *et al.* v. Corey.]

is multifarious in this, that it seeks to divest the title to said 123 1-3 shares of stock out of defendant, James A. Howard and invest it in complainant, without having it declared a trust fund for the benefit of the creditors of F. A. Howard and also to compel the Flint Company to transfer the same upon its books. 6. Said bill seeks to set aside the sale from F. A. Howard to J. A. Howard as fraudulent and void as against creditors of F. A. Howard and does not seek to subject the same to the payment of the creditors of F. A. Howard. 7th. Said bill seeks to divest the title of J. A. Howard to the stock and invest it in complainant on the ground that the sale from F. A. Howard was fraudulent against creditors without subjecting said stock to the payment of creditors. 8. Said bill shows that complainant has a plain, complete and adequate remedy at law."

Upon the submission of the cause upon the demurrers the chancellor rendered a decree overruling them. From this decree the defendants appeal and assign the rendition thereof as error.

HARRIS & EYSTER, for appellant, cited *Andrews v. Jones,* 68 Ala. 117; *Appling v. Stovall,* 123 Ala. 398; *Ivy Coal Co. v. Ala. Nat. Bank,* 123 Ala. 477.

W. W. CALLAHAN, *contra.*—Under the old law which declared that the rendition of judgment created a lien, it was unnecessary in order to keep the lien alive, to sue out execution from term to term.—*Hendon v. White,* 52 Ala. 602; *Bagby v. Reeves,* 20 Ala. 427; *Debendell v. Hamilton,* 27 Ala. 156. Unaided by the statute authorizing the registration of the certificate, the issuance of the execution, more than twelve months after the rendition of judgment, was mere irregularity and could not be collaterally attacked in this case.—*DeLoach v. Robbins,* 102 Ala. 288; *O'Bryan v. Davis,* 103 Ala. 429.

The third ground of demurrer is not well taken. Inadequacy of price, without more, is not sufficient to set aside a sale even on a direct proceeding for that purpose.—12 Encyc. Pl. & Pr. 93, 94; *Lee v. Davis,* 16 Ala 516; *Holly v. Bass,* 68 Ala. 206; *Parker v. Bluffton Car*

[Howard *et al.* v. Corey.]

*Wheel Co.*, 108 Ala. 140; *O'Bryan v. Davis*, 103 Ala. 429; *Bolling v. Gantt*, 93 Ala. 89; *Mahone v. Williams*, 39 Ala. 202; *Lankford v. Jackson*, 21 Ala. 630; *Henderson v. Sublett*, 21 Ala. 626.

Sheriff's sales can not be collaterally impeached because of irregularities.—*Cowan v. Sapp*, 74 Ala. 44; *O'Bryan v. Davis*, 103 Ala. 429. Irregularities must be corrected by direct application to the court for that purpose.—45 Amer. Dec. 336.

One creditor may file a bill on behalf of himself and other creditors, and, in that event, it would be a creditor's bill, but he may file only on his own behalf, and in that event he would be entitled to all the priorities thereby obtained and no other creditor could force his way into the bill or compel a division of the fruits of the suit.—Wait on Fraud Con. pp. 106, 108, 109; *O'Connor Mining & Mfg. Co. v. Coosa Fur. Co.*, 95 Ala. 620; *Furniture Co. v. Thompson*, 90 Ala. 129.

It is not necessary that each defendant should have an interest in all the matters of the controversy; it is sufficient if each defendant has an interest in some of the matters involved and they are connected with the others.—*Truss v. Miller*, 22 So. Rep. 866; 116 Ala. 494; Story's Eq. Pl. § 271 a.

SHARPE, J.—Equity is the appropriate forum in which to settle conflicting claims to stock in a corporation and compel recognition on the part of the corporation of the true ownership in shares in dispute.—Pom. Eq. Jur., § 1412; *Abels v. Planters &c. Ins. Co.*, 92 Ala. 382; *Fisher v. Jones*, 82 Ala. 117. In such case it is proper to bring before the court as parties all persons having an interest in the stock whether legal or equitable, in order that they may be bound by the decree and further litigation prevented. This according to the general rules of equity pleading.—*Broughton v. Mitchell*, 64 Ala. 210; Story's Eq. Pl. § 153. Obviously the corporation whose action is sought to be compelled is a necessary party.

When the object of a bill is single, it is not rendered multifarious by the joinder of defendants having differ-

ent and distinct interests in the matter or question litigated where the relief, if granted, will affect all of them. *Randle v. Boyd*, 73 Ala. 282; *Bolman v. Lohman*, 74 Ala. 507. The object of this bill is only the enforcement of complainant's asserted rights of ownership in the stock in question. It does not in any aspect seek relief upon the theory that the stock is Frank A. Howard's property or that it is now liable for his debts. According to the averments of his bill, complainant by the registration of his judgment in 1896 obtained a lien on the stock which was in 1898 carried into effect by an execution sale at which he became the purchaser. It is further alleged in substance that defendant James A. Howard claims the stock by a transfer from Frank A. Howard, and that this transfer was ineffectual as against the complainant because made while his lien on the stock was in existence, or if not for that reason then because made in fraud of Frank A. Howard's creditors.

A fraudulent conveyance of property by a debtor is no obstacle to a levy thereon, and a sale thereof, under the creditor's execution.—*Gilliland v. Fenn*, 90 Ala. 230; *Reed v. Smith*, 14 Ala. 380; *High v. Nelms*, *Ib.* 350; 14 Am. & Eng. Ency. Law, 311.

Execution is the legal remedy for enforcing a lien acquired by registration of a judgment under the provisions of the statute, (Code, §§ 1920-1923) and during the period of ten years through which the lien continues the judgment is by force of the statute kept alive, so that the creditor may proceed by execution without regard to whether one has been previously issued.—*Enslen v. Wheeler*, 98 Ala. 200; *Street v. Duncan*, 117 Ala. 571. Registration of the complainant's judgment is alleged in general terms, but no specific objection to the bill for want of particularity in that respect is pointed out by the demurrer.

But even if the judgment had not been duly registered, the execution and sale thereunder without a revivor, though irregular, would not be void on that account, and unless set aside in some appropriate proceeding, would, if otherwise valid, have effect to pass title to the

stock.—*DeLoach v. Robbins*, 102 Ala. 288; *Sandlin v. Anderson*, 76 Ala. 403.

Mere inadequacy of price, though it might be ground for vacating a sheriff's sale in a direct proceeding for that purpose, does not, so long as the sale is allowed to stand, prevent the passing of title or render the sale subject to collateral attack. This bill, however, does not allege what value the stock had when bought by the complainant.

Decree affirmed.