## JOHNSTON et al. v. BATES. (I Div. 257.)

(Supreme Court of Alabama. Jan. 18, 1923.)

**1. Judgment ⬦777—Corporate stock is subject to lien of recorded judgment.**

Corporate stock, which by Code 1907, § 3470, is expressly declared to be personal property, is not exempt from levy of execution, under section 4091, subd. 2, exempting things in action, and, being subject to levy and sale under execution, is a subject of the lien contemplated by sections 4156, 4157, where a judgment has been registered as therein provided, so as to make it a lien on the personal property subject to levy and sale under execution.

**2. Statutes ⬦225¾—Re-enactment adopts construction of preceding similar statute.**

Where a statute had been construed by the court, its re-enactment with the construed provisions unchanged is impressed with that construction.

**3. Judgment ⬦752—Lien of recorded judgment is distinct from execution lien.**

The lien of a registered judgment given by Code 1907, §§ 4156, 4157, is a distinct lien from that commonly referred to as the lien resulting from an execution.

**4. Judgment ⬦777—Remedy at law for execution against corporate stock does not preclude lien thereon.**

Code 1907, § 3474, affording a method at law for enforcing executions against corporate stock, is not inconsistent with a holding that such stock may be subject to the lien of a duly recorded judgment.

**5. Judgment ⬦777—Statute giving corporations liens on stock is not inconsistent with lien of recorded judgment.**

Code 1907, § 3476, giving a corporation a lien on the shares of their stockholders for any debt or liability incurred to it by a stockholder, is not inconsistent with the construction of sections 4156, 4157, as giving a lien on corporate stock by the registration of a judgment against the stockholder, though questions of priority between lienholders under those statutes may arise.

**6. Judgment ⬦801—Remedy at law for enforcement of lien is additional to equitable remedy.**

Notwithstanding the statutory method provided for enforcing the lien of a recorded judgment through levy and sale under execution, the jurisdiction of equity may be invoked to subject property to the lien of such judgment; the statutory remedy not being exclusive, but additional or cumulative only.

**7. Judgment ⬦792—Bill to declare priority of judgment lien held to possess equity.**

A bill alleging that complainant had a recorded judgment against one defendant, which was a lien on the corporate stock of that defendant, and that the corporation and another individual claimed some right, title, or interest in, or lien on, the stock, and praying that plaintiff's lien be declared superior to that of defendant's contained equity, as seeking the composure or vindication of claims to corporate stock by an asserted lienor of the stock.

Appeal from Circuit Court, Mobile County; Joel W. Goldsby, Judge.

Bill by Cecil F. Bates, as trustee in bankruptcy of the Gaillard-Johnston Coal Company, against J. F. Johnston, the Gulf Coal Company, and H. B. Crocker. From a decree overruling demurrers to the bill, respondents appeal. Affirmed.

The bill alleges that a former trustee of the bankrupt estate recovered certain judgments against J. F. Johnston, which judgments were duly recorded; that thereafter said Johnston subscribed for and was issued certain shares of the capital stock of the Gulf Coal Company; that thereupon said judgments became a lien on such shares of stock. It is further alleged, on information, that the respondents Gulf Coal Company and Crocker claim some right, title, claim, or interest in, or lien on, said stock, and it is prayed that complainant's judgment lien on said stock be established and declared superior to the lien

---

or interest of said respondents, and that the stock be sold to satisfy complainant's lien.

R. Percy Roach, of Mobile, for appellants.

Shares of stock in a corporation are things in action and not subject to execution. Code 1907, § 4091(2); 11 C. J. 759; 14 C. J. 389; 10 Cyc. 367; 17 Cyc. 944; 58 Ala. 207; 93 Ala. 495, 9 South. 608; 4 Ala. 754. Shares of stock are subject to levy only in the manner provided by sections 3474, 3475, of the Code of 1907. Stock is not bound by the lien until levy is made. 117 Ala. 573, 23 South. 523; 103 Ala. 245, 15 South. 603; 98 Ala. 200, 13 South. 473; 89 Ala. 542, 7 South. 637; 120 Ala. 180, 24 South. 587, 74 Am. St. Rep. 29. A lien acquired under a judgment or execution, in the absence of some other ground of equitable relief, cannot be enforced in chancery. 54 Ala. 412; 182 Ala. 297, 62 South. 692, Ann. Cas. 1915D, 738; 73. Ala. 390; 80 Ala. 246.

Harry T. Smith & Caffey and Frazer & John, all of Mobile, for appellee.

A properly recorded judgment creates a lien on corporate stock from the filing of the certificate of judgment, since Code, § 4157, provides for such lien on all property of defendant in the county where filed, which is subject to levy and sale under execution, and by Code, § 3474, shares of stock of corporations are subject to levy and sale as other personal property. 178 Ala. 407, 59 South. 623; 13 Ala. App. 310, 69 South. 338; 194 Ala. 29, 69 South. 598; 87 Ala. 577, 6 South. 364; 168 Ala. 174, 52 South. 934; 195 Ala. 107, 70 South. 905; 195 Ala. 124, 71 South. 118, Ann. Cas. 1917B, 696. A judgment lien and an execution lien are separate and distinct; the lien of the judgment is created by filing the certificate of judgment for record. 98 Ala. 200, 13 South. 473; 170 Ala. 232, 54 South. 532; 179 Ala. 573, 60 South. 874; 174 Ala. 149, 56 South. 967; 126 Ala. 283, 28 South. 682. In this case an additional equity arises from the fact that there is a controversy over the ownership of the stock and over the priority of adverse claims. 126 Ala. 283, 28 South. 682; 15 R. C. L. 902.

McCLELLAN, J. The appellee, a trustee in bankruptcy, seeks by this bill to foreclose against capital stock in the Gulf Coal Company, Inc., issued to J. F. Johnston, the lien of a recorded judgment, to have ascertained and determined the claim or interest of H. B. Crocker and the Gulf Coal Company, Inc., in such capital stock, and to have pronounced the superiority of appellee's so asserted lien over the claims, interests, etc., of Crocker and the Gulf Coal Company, Inc. There has been no levy or attempted levy of execution, predicated of the original judgment or of the recorded judgment, on the capital stock issued to Johnston. The court overruled joint demurrer, by all respondents, containing but two grounds, viz. that there is no equity in the bill, and that the complainant's remedy at law was adequate.

[1] The contention for appellants is that the statutory system for the registration of judgments and decrees (Code, §§ 4156, 4157) and, when effectually observed, imposing a lien on "all the property of the defendant in the county where filed, which is subject to levy and sale under execution," continuing the lien for 10 years from the date of the judgment (Code, § 4157), does not subject to such lien capital stock in a corporation. If capital stock in a corporation is subject to levy and sale under execution, and the registration statutes are observed, corporate stock is made, in terms by the statute (section 4157), the object upon which the lien of a recorded judgment or decree is imposed. It was decided in Berney National Bank v Pinckard, 87 Ala. 577, 582, 6 South. 364, in exposition of statutes not different in pertinent respects from the present statutes, that positive law had placed "stocks in private corporations on the same footing as other personal chattels as to their amendability to levy either under execution or attachment."

[2] Pertinent statutes, conducing to the conclusion expressed in the decision quoted, have been since re-enacted, and are hence impressed with the stated construction taken in Berney National Bank v. Pinckard, supra. Code 1907, § 3470, expressly declares stock in corporations and interests therein to be personal property. Subdivision 2 of Code, § 4091, subjects to levy of execution personal property, excepting "things in action"; but, since capital stock in private corporations are expressly declared by Code, § 3470, to be personal property, such stock is not within the exception of "things in action" provided in subdivision 2 of Code, § 4091. Corporate stock being amenable to levy and sale under execution, is a subject of the lien contemplated by the Code, §§ 4156, 4157.

[3] Such was the conclusion upon which this court proceeded in Howard v. Corey, 126 Ala. 283, 28 South. 682, therein affirming that the lien created thereby did not depend upon the issuance of an execution. The lien provided by and consequent upon the observance of Code, §§ 4156, 4157, is a distinct lien from that commonly referred to as the lien resulting from an execution. Crawford Co. v. Anderton, 179 Ala. 573, 577, 60 South. 874; Goodbar v. Blackwell, 170 Ala. 232, 54 South. 532; Compton v. Sharpe, 174 Ala. 149, 56 South. 967; Enslen v. Wheeler, 98 Ala. 200, 207, 13 South. 473.

[4] Code, § 3474, is in no degree opposed to the view that capital stock may be subject to the lien of a duly recorded judgment. That

statute is designed to afford a method at law for enforcing executions against corporate stock. .

[5] Code, § 3476 (codification of section 34 of the act of 1903 [Gen. Acts 1903, pp. 328. 329)], provides:

"All such corporations have a lien on the shares of its stockholders, for any debt or liability incurred to it by a stockholder, before a notice of a transfer or a levy on such shares,"

—and then invests the corporate creditor of the stockholder with authority and power to foreclose its lien upon the stock of its debtor by a sale according to its prescriptions. That this statute creates a lien in favor of the corporation on the stock of the debtor-stockholder for indebtedness therewith incurred prior to notice of levy or transfer of stock, is plain; but the statute (section 3476) creating this lien in favor of the corporation is not inconsistent with the statutes (sections 4156, 4157) creating a lien through the registration of a judgment or decree. Questions of priority between lienors under these statutes (Code, §§ 3476, 4156, 4157) may arise. The demurrer under consideration does not present the inquiry whether the present bill is sufficient in that particular.

[6] Notwithstanding. the statutory method providing for enforcing the lien of a recorded judgment through levy and sale under execution of property of the defendant in the judgment, the jurisdiction of a court of equity, without the intervention of other equitable ground, may be invoked to subject property to the lien of a recorded judgment; the statutory remedy by execution not being exclusive, but additional or cumulative only. Duncan v. Ashcraft, 121 Ala. 552, 555, 25 South. 735; Gurley v. Robertson, 178 Ala. 326, 332, 59 South. 643; Enslen v. Wheeler, 98 Ala. 200, 13 South. 473. It was neither the intention nor the effect of merely admonitory expressions, in Griel v. City of Montgomery, 182 Ala. 291, 298, 299, 62 South. 692, Ann. Cas. 1915D, 738, to repudiate the doctrine of the decisions last cited.

[7] Apart from these considerations, requiring the conclusion that the bill contains equity, it possesses equity in the aspect that it seeks the composure or vindication of claims to corporate stock, by an asserted lienor of such stock. Howard v. Corey, 126 Ala. 283, 28 South. 682.

According to the bill's averments, J. F. Johnston was the owner of the corporate stock in question.

The decree is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.