(95 South. 280)

**LADD v. SMITH. (3 Div. 592.)**

(Supreme Court of Alabama. Jan. 18, 1923. Rehearing Denied Feb. 8, 1923.)

**1. Judgment ⬤⟶767—Certificate of judgment for filing need only contain names of parties to judgment, not to cause.**

Code 1907, § 4156, relating to the registration of judgments, and requiring that the certificate "shall show * * * the names of the parties thereto," refers only to the parties to the judgment or decree, and not necessarily to the parties to the cause.

**2. Judgment ⬤⟶767 — Certificate describing judgment creditor as "F. M. L. et al.," held insufficient to create lien; "et al."**

A certificate of a judgment filed in the office of the probate judge under Code 1907, §§ 4156, 4157, which described the judgment creditors as "F. M. L. et al," *held* insufficient to create a lien on the property of the judgment debtor, nor can the defect be cured by treating the

abbreviation "et al.," meaning "and another" or "and others," as surplusage.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Et al.]

Appeal from Circuit Court, Escambia County; John D. Leigh, Judge.

Action by C. P. Smith against Frank M. Ladd, Jr. Judgment for plaintiff, and defendant appeals. Affirmed.

Appellee sued appellant in ejectment, to recover certain lands in Escambia county. The appellant pleaded the general issue, and the cause was tried upon an agreed statement of facts, in substance as follows:

On January 8, 1915, Frank M. Ladd, H. C. Bolling, and Frank M. Ladd, Jr., as partners doing business as Frank M. Ladd & Company, filed suit against W. Y. Gordon on a promissory note. On March 23, 1915, judgment was entered for the plaintiff, the caption to this judgment entry being:

"Spring Term, 1915. 2236. Frank M. Ladd et al. v. W. Y. Gordon. Promissory Note."

The certificate of the judgment set out in the agreed statement, and asserted to have been recorded in the office of the probate judge, is as follows:

"I, C. F. Rankin, clerk of the circuit court of said state and county, hereby certify that on the 23d day of March, 1915, Frank M. Ladd et al., plaintiff, recovered of W. Y. Gordon, defendant, in the circuit court of said county, for the sum of $2,944.82 and the further sum of $5.60 cost of suit, and that Page, McMillan & Brooks is plaintiff's attorney of record. Given under my hand this 12th day of April, 1915.

"C. F. Rankin, Clerk."

To the introduction of this certificate the plaintiff objected on the ground that it does not comply with the statute.

It further appears that at the time of the rendition of said judgment W. Y. Gordon, defendant in the judgment, owned the lands in question. On October 13, 1916, Gordon regularly conveyed the lands, and, after successive conveyances thereof, the lands were conveyed to C. P. Smith, appellee here, by deed dated March 19, 1919. On May 13, 1921, said judgment being still unsatisfied, execution thereunder was issued out of the circuit court; pursuant to which the sheriff levied on the lands in question as the property of Gordon, and sold the same, on July 18, 1921, at public auction, to Frank M. Ladd, Jr. A deed was thereupon executed by the sheriff to said Ladd, conveying to him all the interest of Gordon in the land; and it is admitted that Ladd is in possession of the land sued for under said sheriff's deed.

After hearing, no jury having been demanded, the court rendered judgment for the plaintiff (appellee), holding the above-

mentioned certificate of judgment insufficient to create a lien on the lands in question. From that judgment this appeal is prosecuted.

Gaillard, Mahorner & Arnold, of Mobile, for appellant.

The certificate in question complies strictly with the statute. Code 1907, § 4156. The statute is remedial, and should be liberally construed. 98 Ala. 200, 13 South. 473.

Hamilton, Page & Caffey, of Brewton, for appellee.

A certificate of judgment, in order to constitute a lien upon the property of the judgment debtor, must show the names of all the parties to the judgment. Code 1907, §§ 4156, 4157; 198 Ala. 606, 73 South. 961; 121 Ala. 552, 25 South. 735; 123 Ala. 398, 26 South. 212; 123 Ala. 477, 26 South. 213; 143 Ala. 617, 39 South. 361.

McCLELLAN, J. [1] The material question presented for review and argued in the briefs is whether a valid, effective lien is created by the registration, under Code, §§ 4156, 4157, of the certificate of a judgment in which the judgment plaintiff or plaintiffs is described as "Frank M. Ladd et al."; the statute (section 4156) requiring, among other data, that such certificate "shall show * * * the names of the parties thereto." It is manifest that the prescription with respect to the parties refers to the parties to the judgment or decree, not necessarily to the parties to the cause.

[2] In Conn v. Sellers, 198 Ala. 606, 73 South. 961, following the authority of Duncan v. Ashcraft, 121 Ala. 552, 25 South. 735, it was held that the statutory provision pertinent should be "strictly construed in respect of the proceeding by which judgments were to be brought within its privileges." Consequent upon the application of the rule of strict construction, this court decided in Conn v. Sellers, supra, that no lien was created by or resulted from the registration of a certificate of judgment in which a party to the judgment was referred to as "J. Pollock & Co."; the fault found being that the names of the parties to the judgment were not given, as the statute (section 4156) requires, by the employment of the words "J. Pollock & Co." That decision rules the present appeal on the question stated. It is true the reference in this instance is to Frank M. Ladd et al.; but that difference in reference cannot discriminate the case under review from Conn v. Sellers, supra. The Latin abbreviation "et al." familiar to judicial administration and processes, means "and another," or "and others." Saddler v. Smith, 54 Fla. 671, 45 South. 718, 14 Ann. Cas. 570; 21 C. J. p. 1255, note 27. When the abbreviation "et al." is read to the effect its significance intends, it is made to appear upon the face of the certificate—consistent, also, with the pleadings in that cause—that there is another or others, unnamed in the certificate, who are parties to the judgment. Hence the certificate itself disclosed a failure to conform to the prescription of the statute in respect of the names of the parties to the judgment; a prescription that could not be ignored or unobserved without defeating the design to create a lien under or in virtue of the statute (Code, § 4156).

It is proposed that the abbreviation might be disregarded as surplusage, thereby leaving Frank M. Ladd as the judgment's party plaintiff for the purposes of registration under the cited statute. This cannot be done without unwarrantably deleting a material feature of the certificate, with the effect of making the certificate efficacious to create the lien when, in fact, it was abortive for that purpose under the stated prescription of the statute (section 4156).

The judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.