HARRIS *v.* WORSHAM.

(Division A. Oct. 17, 1932.)

[143 So. 851. No. 30152.]

Brewer & Brewer, of Clarksdale, for appellant.

J. M. Talbot, of Clarksdale, for appellee.

**Smith, C. J.,** delivered the opinion of the court.

In April, 1930, the bonds of matrimony theretofore existing between the appellant and her then husband, C. H. Harris, were dissolved by a decree of the court below, which, among other things, provides: First, that C. H. Harris shall convey to the appellant free and clear from all incumbrances certain described lots in the town of Clarksdale, and, second, that he shall pay to her the

sum of eighty dollars per month for her support and maintenance beginning on the 1st day of May, 1930, and monthly thereafter. In April, 1931, the appellant exhibited an original bill in the court below against her former husband, C. H. Harris, and the appellee, Worsham, wherein, after setting forth the decree in the divorce proceeding, she alleged in substance that:

First. C. H. Harris had conveyed the lots to her, but had failed to relieve them from incumbrances thereon amounting to approximately two thousand eight hundred dollars.

Second. Harris "has failed to pay said alimony 'for four months, and there is now due and owing (thereon) three hundred twenty dollars."

Third. The decree in the divorce proceeding was "duly and properly enrolled on the judgment roll in the office of the clerk of the circuit court of Coahoma county, Mississippi."

Fourth. C. H. Harris now owns certain described real property on which he executed a deed of trust on August 13, 1930, to secure the payment to the appellee of two thousand dollars due him by Harris, which deed of trust was executed and recorded after the decree in the divorce proceeding had been enrolled on the judgment roll in the office of the circuit clerk, and that the appellee and his attorney both knew of the rendition of that decree; whether they had this knowledge before the deed of trust was executed does not appear.

Fifth. The decree rendered in the divorce proceeding is a lien prior to that of the appellee's deed of trust on the land described in that deed of trust.

The prayer of the bill is that the appellant be granted a decree awarding her a recovery from Harris for the amount of the incumbrances on the lots he was directed to convey to her in the decree rendered in the divorce proceeding and for the three hundred twenty dollars accrued alimony and interest thereon, and "that said

amounts be adjudged and decreed to be first lien on'' the land described in the deed of trust to Worsham, and that the same be sold for payment thereof.

Separate demurrers were filed to this bill of complaint by Harris and the appellee, the one filed by Harris was overruled, but the one filed by Worsham was sustained, and the bill as to him was dismissed.

The appeal is by Mrs. Harris, and is from the decree dismissing her bill as to Worsham.

The appellant's contentions are that, although the decree in the divorce proceeding does not award her any lien on property owned by her former husband, C. H. Harris, nevertheless the decree, when enrolled on the judgment roll in the office of the clerk of the circuit court in accordance with the provisions of sections 453 and 611, Code of 1930, became a general lien on all of the property owned by C. H. Harris.

We will assume, but merely for the purpose of the argument, it not being herein necessary for us to decide the question, that a decree of a chancery court when enrolled in accordance with the provisions of section 611, Code of 1930, becomes a general lien on the property of the person against whom it was rendered.

That part of the divorce decree directing Harris to convey to the appellant certain lots ''free and clear from all encumbrances'' does not award the appellant a judgment for the amount thereof in event Harris should fail to relieve the lots thereof, nor does it set forth the amount thereof, but leaves that fact to be ascertained by matters de hors the record, without both of which no judgment at law could be effective. 33 C. J. 1202; Easterling v. State, 35 Miss. 210. That portion of the decree, therefore, cannot have the force and effect of a judgment at law.

That portion of the decree providing for the future maintenance of the appellant by her former husband by directing him to pay her a stipulated amount thereafter

in monthly installments creates not a present debt due her by her husband, and each installment of the alimony comes within that category when, but not until, default is made in the payment thereof. Therefore, in the very nature of things, a lien therefor cannot arise, under the statute, if at all, as to which we express no opinion until that fact comes into existence.

It is clear from the allegations of the bill that Harris' default in the payment of these installments of alimony arose after the execution of the appellee's deed of trust.

Affirmed.