53 So.2d 375

**PETERSON et al. v. DRENNEN MOTOR CAR CO.**

**5 Div. 505.**

Supreme Court of Alabama.

May 17, 1951.

Rehearing Denied June 28, 1951.

J. B. Atkinson, Clanton, for appellant.

Deramus & Mullins, and Jas. C. Barton, all of Birmingham, for appellees.

BROWN, Justice.

On February 12, 1931, N. C. Peterson, D. L. Ward and E. N. Bentley sued Drennen Motor Car Company, Inc., a corporation, in

a common law action on the case for the alleged wrongful destruction of an alleged judgment lien arising from the recordation of a certificate of judgment issued by the clerk of the circuit court of Chilton County on a judgment in an action in detinue recovered by said defendant against Mrs. Hal Bradford for the possession of a Buick automobile or the alternate value, and damages for the use and hire of the same. Said judgment was rendered July 23, 1929; the alternate value was fixed at $500 by the jury and damages for use and hire at $300.

The certificate of judgment issued on August 6, 1929, was recorded or registered on August 27, 1929.

When the writ was levied on the automobile by the sheriff, as the complaint in the action at law avers, Mrs. Bradford, as principal, and the plaintiffs in said action, as her sureties, executed a defendant's replevin bond, provided by the statute, then § 7391, Code 1923, now Title 7, § 920, Code 1940, and retained possession of the property.

The defendant in detinue, as the complaint in the action at law avers, failed to deliver the property or pay the judgment and the costs, as conditioned by the replevin bond, and the sheriff endorsed said bond forfeited, as provided by the statute. § 7394, Code 1923, Title 7, § 923, Code 1940. The clerk of the court thereupon issued execution for the unpaid balance and the costs, and Bentley paid said balance on May 10, 1930, and the attorney for the plaintiff in detinue endorsed in writing on the margin of the record in the probate office that said judgment had been paid in full, and signed his name thereto. Said endorsement was made, as the undisputed evidence shows, on the demand of the defendant, Mrs. Bradford.

On motion of the Drennen Motor Car Company alleging that it had an equitable defense to said action, the same was transferred to the equity docket and said movant, on November 29, 1933, filed the original bill and after appropriate pleading, first by demurrer challenging the equity of the bill and subsequently by answer, the case was brought to issue, the testimony taken by both sides, and after a delay of nineteen years, as the final decree shows, the cause was finally submitted for decree on pleadings and proof.

The court on June 30, 1950, dismissed the bill, with the observation: "Equity aids the vigilant. The filing of suit or complaint does not preclude the conclusion that the parties are guilty of laches. Failure to prosecute may have the same consequence as failure to institute suit. Therefore, it is the opinion of the court that this cause should be dismissed from the docket of this Court and the cost taxed against the Complainant."

It appears from the entries on the trial docket embodied in the record that the case was submitted on the demurrer to the original bill January 2, 1944, and was thereafter continued by order of court forty times, and finally on April 13, 1949, when the following order was made: "Testimony to be taken and cause submitted for final decree before next call or cause to be dismissed unless good cause shown for not doing so." On December 29, 1949: "Cause continued for taking further testimony under terms of previous order." On April 28, 1950: "Submitted for final decree." On June 30, 1950: "Final Decree."

It clearly appears from the record that the testimony was taken and received by the court on pleading and proof for final decree on the merits after the long delay which the court itself had tolerated, if not sanctioned, and the parties were entitled to have the case disposed of on its merits, notwithstanding the delay in bringing the case to a submission.

This appeal is by E. N. Bentley and N. C. Peterson joins in the appeal and assignments of error, with leave of severance.

Their major contention is that the court erred *to their prejudice and injury* in dismissing the case, precluding their right to prosecute their action at law, contrary to the provisions of § 155, Title 13, Code 1940, which provides *inter alia*: "Whenever any cause on the motion or application of any party thereto is transferred as provided by this article, and the party moving for such transfer fails to establish or maintain the question, right or defense asserted by him

and the cause cannot then be finally disposed of on the side of the court to which the same was transferred, the judge hearing the cause shall so state in his judgment or decree, but shall not dismiss the cause and shall direct in such judgment or decree that the cause be retransferred to the side of the court in which the same was originally filed and shall tax all the costs then accrued against the party who moved or applied for a transfer of the cause and failed to establish or maintain the question, right or defense asserted by him. When any cause is so retransferred, it shall thereupon be docketed on the side of the court in which originally filed and proceed to final judgment for decree therein, * * *."

If on the undisputed facts and the law applicable thereto the plaintiffs in the action at law were, as a matter of law, subrogated to the lien of the plaintiffs in the action of detinue arising from the recordation of the certificate of judgment issued on said judgment, and the entry on the margin of the judgment record by said plaintiffs' attorney destroyed such lien to the hurt of appellants in this case, their contention should be sustained and the cause retransferred to the law docket for trial. Grove v. Robertson,[1] 51 So.2d 528; Zingelmann v. Turner, 235 Ala. 102, 177 So. 627; Carpenter v. First National Bank of Birmingham, 236 Ala. 213, 181 So. 709.

The appellants further contend that when they, as sureties on the defendant's replevin bond, paid to the sheriff the balance of the damages and costs in satisfaction of an execution issued as provided by § 923, Title 7, Code 1940, they, under the provisions of §§ 101 and 102, Title 9, Code 1940, were subrogated by force of the statute to all the rights of Drennen Motor Car Company, Inc., in and to the judgment recovered in the action of detinue, and the lien arising from the recordation of the clerk's certificate issued on said judgment under §§ 584 and 585, Title 7, Code 1940, and the endorsement of satisfaction on the margin of the record where said certificate was recorded destroyed appellants' lien against any property owned by or in the hands of Mrs. Bradford, the defendant in the detinue action.

This contention cannot be sustained. Sections 101 and 102, Title 9 of the Code, do not contemplate such liability, and only apply to sureties directly and concurrently liable to suit with their principal, who have been sued and had judgment rendered against them. Watkins v. Maryland Casualty Company, 250 Ala. 84, 33 So.2d 346; Vanderveer v. Ware, 65 Ala. 606; Giddens v. Williamson, 65 Ala. 439.

The sureties on the replevin bond, executed subsequent to the institution of the detinue suit, are liable on the basis of their contract liability as fixed by the statute and the bond, and a judgment against them in the action of detinue is not proper. Jordan v. Appleton, 209 Ala. 290, 96 So. 195; Ex parte White, 209 Ala. 95, 95 So. 495.

Sections 584 and 585 are in derogation of the common law and are to be strictly construed. Morris v. Waldrop, 213 Ala. 435, 105 So. 172. The certificate of judgment issued in compliance with said sections of the Code and registered as therein provided is intended to have the effect of an execution in the hands of the sheriff as an instrumentality of preserving a lien in favor of the judgment creditor on all property of the judgment defendants subject to levy and sale under execution in the county wherein such judgment is registered. Manchuria S. S. Co. v. Harry G. G. Donald & Co., 200 Ala. 638, 77 So. 12; Johnston v. Bates, 209 Ala. 16, 95 So. 375; Jefferson County Sav. Bank v. Ben F. Barbour Plumbing & Electric Co., 191 Ala. 238, 244, 68 So. 43.

The only specific relief prayed for in the bill was: "That upon a final hearing hereof that this Court will decree that no lien of the respondents was destroyed by the alleged action of this Complainant in satisfying said judgment and that this complainant be given the full protection and benefit of the defense it has on account of the fact that the equitable title to said lands was vested in the said respondents to this cause."

---

1. 255 Ala. 346,

█ The bill on the facts alleged therein was without equity, and while the question of the existence of a lien on the property levied on by the sheriff and alleged to have been sold and purchased by Atkinson for the sureties on the replevin bond was determinable in the action at law, under the law and undisputed evidence the plaintiff had no lien under said recorded certificate of judgment, and if error be conceded in not retransferring the case to the law docket, the appellants suffered no injury therefrom. See cases cited, 2 Ala.Dig., Appeal and Error, ☞1029, page 802.

The decree of the circuit court is therefore corrected so as to dismiss the bill for want of equity, and as corrected will be affirmed.

Corrected and affirmed.

LIVINGSTON, C. J., and STAKELY, J., concur.

SIMPSON, J., limits his concurrence to the result.